Filed 7/22/21  P. v. Ruby CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT BENJAMIN RUBY,<br><br>    Defendant and Appellant. | H047648<br>(Santa Clara County<br>Super. Ct. Nos. C1911265, C1914064) |

Defendant Robert Benjamin Ruby pleaded no contest to charges in two separate cases and admitted an allegation in each case that he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b)).[1]  The trial court placed defendant on probation.  On appeal, defendant argues that the prior prison term enhancements should be stricken based on a recent change in the law.  The Attorney General concedes.  We shall strike the prior prison term enhancements and affirm the orders of probation as so modified.

I.    **FACTUAL AND PROCEDURAL BACKGROUND[2]**

A.    *Case No. C1911265*

On April 5, 2019, a loss prevention manager at Sears observed defendant leave the store wearing an unpurchased pair of jeans and carrying other unpurchased merchandise.  Sears loss prevention employees attempted to stop defendant in the parking lot.  He fled on foot but was detained and taken into custody by San Jose police officers.

[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] We take the facts from the petition for modification of terms of probation.

On June 8, 2019, the Santa Clara County District Attorney charged defendant in case No. C1911265 with grand theft of personal property worth more than $950 (§ 487, subd. (a)). The felony complaint further alleged that defendant had served a prior prison term (§ 667.5, subd. (b)).

### B. Case No. C1914064

On July 20, 2019, San Jose police observed defendant seated in a vehicle that had been reported stolen. When the officers contacted defendant, he attempted to flee but was apprehended quickly. The officers noted that there was a screwdriver in the vehicle ignition.

On July 24, 2019, the Santa Clara County District Attorney charged defendant in case No. C1914064 with unauthorized driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and alleged that defendant was out of custody on supervised own recognizance at the time of the offense (§ 12022.1, subd. (b)) and had served a prior prison term (§ 667.5, subd. (b)).

### C. Plea Agreement, Sentencing, and Appeal

On August 22, 2019, defendant pleaded no contest to the charges and admitted the allegations. At an October 24, 2019 hearing, the trial court suspended imposition of sentence in case No. C1911265, granted defendant formal probation for three years, and ordered him to serve eight months in county jail. In case No. C1914064, the court likewise suspended imposition of sentence, granted defendant formal probation for three years, and ordered him to serve eight months in county jail to run concurrent with the sentence in case No. C1911265. Defendant obtained a certificate of probable cause and timely appealed in each case.

## II. DISCUSSION

Defendant argues that recent changes in the law require the prior prison term enhancements to be stricken. The Attorney General agrees, as do we.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, subd. (b).) Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a). [Citation.]" (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to limit prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) The changes effected by Senate Bill No. 136 apply retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

It is undisputed that defendant has not served a prior prison term for a sexually violent offense. Accordingly, we will strike the enhancements.

## III. DISPOSITION

In case No. C1911265, the prior prison term enhancement is stricken and the order of probation is affirmed as so modified.

In case No. C1914064, the prior prison term enhancement is stricken and the order of probation is affirmed as so modified.

3

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

GROVER, J.


_____

DANNER, J.


*People v. Ruby*
H047648